IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT J. JOHNSON                                                  PLAINTIFF

V.                          NO.  4:07cv00779 JWC

MICHAEL J. ASTRUE,                                      DEFENDANT
Commissioner, Social
Security Administration

## ORDER

Plaintiff has filed a motion for attorney's fees pursuant to § 206(b) of the Social Security Act (SSA), 42 U.S.C. § 406(b)(1) (doc. 13), along with an itemization of attorney time and costs (doc. 16-1).  Plaintiff seeks an SSA fee award of $5,300.00, and the Commissioner states that the requested amount appears reasonable (doc. 14).

The SSA provides for an attorney's fee award for successful court representation of disability claimants, as follows:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).  Attorney's fees awarded under the SSA are payable "out of, and not in addition to, the amount of [the] past-due benefits."  *Id.*  The SSA does not displace contingent-fee agreements entered into between a claimant and his attorney; rather, § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  So long as the contingent fee does not exceed twenty-five percent of the past-

due benefits, the attorney for the successful claimant must simply show that the fee sought is "reasonable for the services rendered." *Id.*

In determining a reasonable fee under the SSA, the Court should look first to the contingent-fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieved. *Id.* at 808. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this information does not control determination of the requested fee's overall reasonableness. *Id.* at 808-09.

Considering those factors, the Court finds that counsel's requested fee is reasonable. In Plaintiff's quest for social security benefits, counsel represented him almost three years in administrative and court proceedings. Counsel and Plaintiff signed two contracts, one on August 21, 2007, and another on May 6, 2010, whereby Plaintiff agreed to pay counsel a fee of twenty-five percent of any past-due benefits awarded, with the fee not to exceed $5,300.00 (doc. 13, at 5-6). By entering into this contingent-fee agreement, counsel bore the risk of non-payment in the event that no benefits were awarded for the client. The Commissioner initially denied Plaintiff's claim, and Plaintiff would have been unsuccessful without judicial proceedings. As a result of counsel's representation, Plaintiff obtained a judgment reversing the Commissioner's decision and remanding for reconsideration (doc. 11, 12). Upon remand, Plaintiff received a favorable administrative decision awarding him $38,925.75 in past-due disability benefits, as well as ongoing monthly benefits (doc. 16-1, at 5-21). Counsel's itemization documents 53 attorney hours expended in representing Plaintiff, and the fee award he seeks ($5,300.00) would

compensate him at the rate of $100.00 an hour. This is significantly less than counsel's usual hourly rate of $150.00. Under these circumstances, the requested fee is reasonable.

Therefore, pursuant to the SSA, Plaintiff's attorney is entitled to fees in the amount of $5,300.00, provided this amount, when combined with any fees awarded at the administrative level, does not exceed twenty-five percent of Plaintiff's past due benefits. Plaintiff's past-due supplemental security income benefits, if any, may not be withheld to satisfy this award of attorney's fees. *See Bowen v. Galbreath*, 485 U.S. 74 (1988). The Commissioner will coordinate any fees granted for representation at the administrative level with the amount granted by the Court so that the total fee allowed will not exceed twenty-five percent of Plaintiff's past-due benefits.

Accordingly,

(1) Plaintiff's motion for attorney's fee pursuant to 42 U.S.C. § 406(b)(1) (doc. 13) is **granted**;

(2) Plaintiff's attorney is entitled to an attorney's fee in the amount of $5,300.00 pursuant to § 406(b)(1); and

(3) The Commissioner is ordered to certify and pay to Stuart Vess, attorney for Plaintiff, the amount due under § 406(b)(1), in addition to any fees found to be due for representation at the administrative level, or pay the attorney twenty-five percent of Plaintiff's past-due benefits, whichever sum is less.

IT IS SO ORDERED this 9th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE